IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONOVAN A. HARRIS and CORDEL HARRIS, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| MICHELLE R. KEEFER and UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

### PARTIES TO THE ACTION

1.  Plaintiffs are husband and wife and reside at 329 Amoroso Way, Newark, New Castle County, Delaware 19711.

2.  Defendant Michelle R. Keefer ("Keefer") may be served at 12 Cedar Farm Drive, Newark, New Castle County, Delaware 19702.

3.  Defendant United States of America ("United States") may be served pursuant to FED. R. CIV. P. 4(i) by serving the Honorable Colm Connolly, United States Attorney for the District of Delaware, Nemours Building, 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, New Castle County, Delaware 19899; and the Honorable Alberto Gonzales, Attorney General of the United States, 900 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

### JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under 28 U.S.C. § 2671 *et seq.* (Federal Tort Claims Act), 28 U.S.C. § 1331 (federal-question jurisdiction), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that defendant Keefer resides in this District and a substantial part of the events or omissions giving rise to this Complaint arose in this District.

### ALLEGATIONS COMMON TO ALL COUNTS

6. On or about October 7, 2003 at approximately 11:27 a.m., plaintiff Donovan Harris was operating his motor vehicle in a westerly direction on Second Street near its intersection with Adams Street in the City of Wilmington, New Castle County, Delaware.

7. At or about the same time and place, a vehicle operated by defendant Keefer and owned by defendant United States was traveling in a northerly direction on Adams Street. As plaintiff entered the intersection on a green traffic signal, defendant Keefer failed to stop for a red traffic signal in her direction of travel, causing her vehicle to collide with plaintiff's vehicle.

### COUNT I

8. Plaintiffs reallege and incorporate Paragraphs 6 through 7 as if the same were more fully set forth at length herein.

9. Defendant Keefer was negligent in that she:

(a) Failed to keep a proper lookout;

(b) Failed to maintain appropriate control of her motor vehicle;

(c) Failed to devote full time and attention to the operation of her motor vehicle, in violation of 21 *Del. C.* § 4176(b);

(d) Operated her vehicle at a speed that was greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards then existing, in violation of 21 *Del. C.* § 4168;

(e) Failed to control the speed of her vehicle to avoid colliding with another vehicle, in violation of 21 *Del. C.* § 4168; and

(f)  Failed to obey the instruction of a traffic control device, in violation of 21 Del. C. § 4107.

10.  As a direct and proximate result of defendant Keefer's negligence, as aforesaid, plaintiff sustained injuries including, but not limited to, strain and sprain of the cervical spine and shoulders, together with impingement of the right shoulder resulting in acromioplasty and distal clavicle excision, some or all of which may be permanent. He has suffered in the past, both physically and emotionally, and will continue to suffer in the future as a result of the permanent nature of his injuries.

11.  As a further direct and proximate result of defendant Keefer's negligence, as aforesaid, plaintiff will sustain medical expenses, lost wages, and loss of earning capacity in excess of that payable by applicable Personal Injury Protection coverage, and hereby makes claim for those presently undetermined amounts.

## COUNT II

12.  Plaintiffs reallege and incorporate Paragraphs 6 through 11 as if the same were more fully set forth at length herein.

13.  At all times relevant herein, defendant Keefer was acting as the agent, servant and/or employee of defendant United States and was in the course of her employment and acting within the scope of her authority.

14.  At all times relevant herein, defendant Keefer was operating the vehicle with the permission and knowledge of defendant United States.

15.  Pursuant to the doctrine of *respondeat superior* and by virtue of the agency relationship, as aforesaid, defendant United States is jointly and severally liable to plaintiff for any negligence of defendant Keefer, as the employer and/or master of defendant Keefer.

## COUNT III

16. Plaintiffs reallege and incorporate Paragraphs 6 through 15 as if the same were more fully set forth at length herein.

17. As a direct and proximate result of the negligence of defendants, or each of them, and the resulting injuries sustained by plaintiff Donovan Harris, plaintiff Cordell Harris has in the past been and will in the future be deprived of the earnings, comfort, society, companionship, services and consortium of her husband, plaintiff Donovan Harris.

**WHEREFORE**, plaintiffs demand judgment in their favor for general and special damages, including permanency, together with interest and the costs of this action.

PERRY & SENSOR

By: _____
Michael L. Sensor, Esquire
Delaware Bar ID No. 3541
Suite 560, First Federal Plaza
P.O. Box 1568
Wilmington, DE 19899-1568
Telephone: (302) 655-4482
Attorney for Plaintiffs

Dated: October 6, 2005